UNITED STATES COURT OF FEDERAL CLAIMS

ALTA WIND I OWNER LESSOR C      )
            and                 )
ALTA WIND I OWNER LESSOR D,     )  Case No.
     Plaintiffs,                )  13-402T, et al.
            vs.                 )
THE UNITED STATES OF AMERICA,   )
     Defendant.                 )

Suite 609

Howard T. Markey National Courts Building

717 Madison Place, N.W.

Washington, D.C.

Friday, July 25, 2014

11:00 a.m.

Telephonic Status Conference

BEFORE:   THE HONORABLE THOMAS C. WHEELER

Sara J. Vance, CERT, Digital Reporter and Transcriber

2

Alta Wind I, et al. v. USA                                     7/25/2014

APPEARANCES:


ON BEHALF OF THE PLAINTIFF:

STEVEN J. ROSENBAUM, ESQ.

DENNIS AUERBACH, ESQ.

Covington & Burling, LLP (DC)

One City Center

850 Tenth Street, NW

Washington, DC  20001-4956

(202) 662-5568 / (202) 778-5568 fax


ON BEHALF OF THE DEFENDANT:

MICHAEL J. RONICKHER, ESQ.

MIRANDA BUREAU, ESQ.

U.S. Department of Justice - Tax Division

Post Office Box 26, Ben Franklin Station

Washington, DC  20044

(202)616-9085 / (202)514-9440 fax

michael.j.ronickher@usdoj.gov

Alta Wind I, et al. v. USA                                      7/25/2014

                          P R O C E E D I N G S

                          -   -   -   -   -

(Proceedings called to order at 11:04 a.m.)

THE COURT:  Hello, this is Judge Wheeler.

MR. ROSENBAUM:  Good morning, Your Honor.  This is Steve Rosenbaum and Dennis Auerbach for the Plaintiffs.

THE COURT:  Yes, good morning.

Mr. Ronickher?

MR. RONICKHER:  Good morning, Your Honor.  This is Mike Ronickher for the United States, and I have Miranda Bureau with me.

THE COURT:  All right, welcome to both of you.

We're on the record this morning in the Alta Wind cases, docket number 13-402T, et al.  And as you know, we're going to establish a discovery schedule today.  And since it was Mr. Ronickher who asked for discovery in a motion before responding to the Plaintiffs' motion for summary judgment, do you want to start off, Mr. Ronickher?  Maybe you've talked to Mr. Rosenbaum about this.

MR. RONICKHER:  Certainly.  We did actually have a conversation.  We were attempting -- we each had initial proposals for discovery, and we were attempting to narrow the gap between us, which we did a little bit, but ultimately we weren't able to agree to a joint proposal.  So, unfortunately, we'll have to leave it to you to set the

Alta Wind I, et al. v. USA                                     7/25/2014

ultimate schedule.

We were able to narrow down the issues, however. We agreed to propose that initial disclosures be exchanged two weeks from the entry of the scheduling order; and Plaintiffs also proposed and we agreed to a schedule to -- for expert discovery that essentially dates relative to the end of fact discovery, and then it was the length of that fact discovery period that we couldn't agree to, as well as Plaintiffs had made a proposal about how to handle further proceedings, summary judgment, obviously, as they prefer, to follow on discovery.  So, we would, I guess, ask the Court's guidance on that issue, as well.

THE COURT:  What is the period of expert discovery that you're thinking about?

MR. RONICKHER:  Actually, perhaps Plaintiffs have their proposal in front of them.  I seem to have closed the email.

MS. BUREAU:  It's five weeks after the close of fact discovery.

MR. ROSENBAUM:  Your Honor, we have, I think -- this is Steve Rosenbaum.  I think we have agreed -- the Government can tell me if I'm wrong, but I believe we've agreed that experts would be identified and initial expert reports exchanged five weeks after the close of fact discovery.

Alta Wind I, et al. v. USA                                         7/25/2014

THE COURT:  Okay.

MR. ROSENBAUM:  That rebuttal expert reports would be due 11 weeks after the close of fact discovery, and that the expert discovery cutoff would be 16 weeks after the close of fact discovery.

THE COURT:  Okay.

MR. ROSENBAUM:  So, I think that's agreed upon, those are agreed upon by the parties.

MR. RONICKHER:  Yes, that's correct.

MR. ROSENBAUM:  And, so, we really have two disagreements, that I think Mr. Ronickher properly described. One is how long should fact discovery last; and the second, I think we're both in agreement that summary judgment proceedings should commence -- I mean, filing should commence 30 days after the close of expert discovery, but we have a disagreement as to how -- how that should proceed.

THE COURT:  Okay, well, let's get on the table, then, the respective proposals for fact discovery.  Mr. Rosenbaum?

MR. ROSENBAUM:  Your Honor, we are proposing a four-month time period for fact discovery, and the Government is proposing 12.  That's -- those are our counter-proposals at this point.

THE COURT:  Okay.  And tell me, if you would, what type of discovery you're contemplating.  Is this all

Alta Wind I, et al. v. USA                                    7/25/2014

production of documents?  Are there interrogatories and depositions contemplated?  I guess you each have different views probably.

MR. RONICKHER:  This is Mr. Ronickher.  Since I expect we'll be doing most of the taking of discovery here, I do think that we would be anticipating involving all of the standard avenues of discovery here.  My hope would be that if we start out with paper discovery that we can narrow things along the way.  For example, as Your Honor knows, there are 20 individual plaintiffs involved here.  It may be that as we do some paper discovery it turns out that we can focus depositions perhaps on the individual projects or facilities, as opposed to trying to, you know, get through 20 possible duplicative depositions of individual plaintiffs.  We obviously have no interest in unnecessary discovery.

But I do think that given how many parties are involved that we need to start out with a broad approach to make sure that we're not accidentally overlooking something along the way.  But we certainly would try to get it as focused as possible as we move along.

THE COURT:  All right.  And then what's the other area of disagreement, did you say?

MR. RONICKHER:  That area was with regard to possible -- I guess from the Government's perspective the possibility of resolving the case on summary judgment.  What

Alta Wind I, et al. v. USA                                          7/25/2014

I had proposed -- Plaintiff had proposed 30 days after the close of expert discovery, which we wouldn't have any objection to.  I had proposed since Plaintiff obviously at least right now thinks that the cases are susceptible to resolution on summary judgment that they file their summary judgment first and then the Government either oppose or cross move, if we believe at that point that the cases could be resolved without factual disputes.

Plaintiffs were proposing to us that briefing be done simultaneously, but in my experience, that tends to lead to the parties talking past each other and doesn't really produce any efficiency for the Court.  So, I think that's really what the dispute is.

THE COURT:  Well, keep in mind, we already have a motion on file for summary judgment from the Plaintiff.  Are you saying that they should file such a motion, or do you think it's going to be necessary to supplement what they've already filed?

MR. RONICKHER:  Well, I suppose that that would be up to them whether their views change at all over the course of discovery.  If they believe that they can simply renew what they filed, obviously we would be able to oppose or cross move a little bit more quickly.  I think the dispute, at least from our end, is not so much about the deadlines as it is about simultaneous briefing.  I just think that is not

terribly productive, but if the Court would prefer -- if we wanted to leave the possibility for Plaintiff to renew their current motion at the end of discovery, then we obviously could oppose or cross move on that.

THE COURT:  Yeah, you know what I'm -- you know what I'm thinking at this point, why don't we leave open the question of a further briefing schedule until discovery is completed.  I think obviously we'll know better then what makes the most sense in terms of briefing.  And, so, we'll set a status conference near the close of discovery where we can address a briefing schedule.  And, you know, I suppose there are a lot of possibilities there that might occur, depending upon what you all determine during discovery.  And maybe today we'll just set a discovery schedule.  Is that --

MR. RONICKHER:  I think that sounds reasonable.

THE COURT:  Okay.  Is that okay with you, Mr. Rosenbaum?

MR. ROSENBAUM:  Yes.  That's a -- yes, it is.  And if I could just respond briefly on the question of the length of the fact discovery period.

THE COURT:  Sure.

MR. ROSENBAUM:  I do -- we will have some discovery of our own --

THE COURT:  Yes.

MR. ROSENBAUM:  -- against the Government, but with

Alta Wind I, et al. v. USA                              7/25/2014

respect to -- you know, in terms of the Government's discovery on us, it is true there are multiple plaintiffs in terms of there being different statutory trusts, but there is one company, Wells Fargo, which is the trustee for 19 of the 20 statutory trusts.  The 20th plaintiff is a separate entity, not related.  And I'm sure there will be discovery directed toward others.

The developer, I would expect, would be the subject of discovery by the Government, for example, and there may be others, as well.  But we don't feel like the numbers are -- the numbers are a little misleading to talk about 20.  And we obviously are anxious, you know, to move the case forward with reasonable expedition.

THE COURT:  Sure.  And we'll make sure that that happens.  All right, let me do this.  I think that we can find a middle ground here for you all that will work.  Let me say that we'll do eight months for fact discovery.  And when I say eight months, that's going to be a real date.  I want -- it's not a target that you all can be looking at and think, well, we can always get more time if we need it.  I want you to genuinely work to that date with the objective of completing your fact discovery within eight months.

And then the scheduling order that you receive will come out today, so initial disclosures will be two weeks from today.  And then the periods that you propose for expert

Alta Wind I, et al. v. USA                                              7/25/2014

discovery are fine.  We can work with those.  It's really almost another four months, when you figure 16 weeks for a cutoff, but we'll do the -- we'll do the math on that and include that in the schedule.

And then the order also will include a telephone status conference that we'll schedule at about the time of discovery completion.  We'll look at the calendar and pick a date, and it should be far off -- far enough in the future that I'm assuming you're not going to have any conflicts, but if you do, you can let us know.

All right?

MR. ROSENBAUM:  Yes, thank you, Your Honor.

THE COURT:  Okay?

MR. RONICKHER:  Yes.  That sounds great.  Thank you, Your Honor.

THE COURT:  Okay, very well.  I wish you well in getting your discovery completed.  I always say, too, that if you run into any disagreements during discovery and if it's something that's relatively simple to present, feel free to get in touch with Chambers and just explain that you'd like to discuss a discovery issue with me.  I find that we can often deal with discovery issues more efficiently by doing it that way.  And it eliminates the need for filing a lot of motions and responses and furnishing us with a lot of paper. So, keep that in mind as a possibility if it's something

11

Alta Wind I, et al. v. USA                                     7/25/2014

simple that you just want to talk about with me.

            MR. RONICKHER:  Thank you.  We appreciate that.

            THE COURT:  All right.  Is there anything else we need to address today?

            MR. ROSENBAUM:  I don't believe so.

            THE COURT:  All right.

            MR. RONICKHER:  Nothing I can think of.

            THE COURT:  All right.  Well, very well.  Thank you for being available today, and I look forward to working with you on these cases.

            MR. ROSENBAUM:  Thank you.

            THE COURT:  All right.

            MR. RONICKHER:  Thank you.

            THE COURT:  Goodbye.

            (Whereupon, the hearing was adjourned at 11:17 a.m.)

Alta Wind I, et al. v. USA                                    12
                                                         7/25/2014

                        CERTIFICATE OF TRANSCRIBER


          I, Sara J. Vance, court-approved transcriber,
certify that the foregoing is a correct transcript from the
official electronic sound recording of the proceedings in the
above-titled matter.



DATE:   2/13/15                    s/Sara J. Vance
                                  SARA J. VANCE, CERT