**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ALTA WIND I OWNER LESSOR C, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Nos. 13-402 T, 13-917 T, 13-972 T, |
| | ) | 13-935 T, 14-174 T, 14-93 T, |
| v. | ) | 14-175 T, 14-47 T |
| | ) | |
| | ) | Judge Wheeler |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT REGARDING PLAINTIFFS' CONTENTION INTERROGATORIES AND PLAINTIFFS' 30(b)(6) DEPOSITION NOTICE**

Pursuant to the Court's request at the March 6, 2015, hearing, Plaintiffs and Defendant (the "Parties") file this Joint Status Report with respect to each of the consolidated cases listed above. This status report sets forth Plaintiffs' and Defendant's positions regarding their dispute about (1) Plaintiffs' Second Set of Interrogatories to Defendant, served on January 23, 2015, ("Second Interrogatories," attached hereto as Exhibit A), and (2) Plaintiffs' Rule 30(b)(6) Deposition Notice to Defendant, also served on January 23, 2015 ("Rule 30(b)(6) Notice," attached hereto as Exhibit B). Defendant's responses to the Second Interrogatories are attached as Exhibit C and its letter responding to the Rule 30(b)(6) Notice is attached as Exhibit D.

The Parties respectfully request that the Court issue an order resolving their dispute on these issues.

Additionally, the Parties also note that although the Court granted in part Defendant's motion for enlargement of time to complete discovery, granting an additional three months, the new schedule put forth in the Court's Order of March 6, 2015, did not include extended dates for expert discovery. Such discovery must, of course, take place after the conclusion of fact

discovery, so the United States had requested, in its motion, that the expert discovery deadlines be extended by the same amount of the extension of fact discovery.  In the interest of clarity and certainty, the Parties therefore request that the Court issue an Order setting out the new expert discovery schedule that results from the fact discovery extension.

The dates, calculated by adding the same three months to each of the deadlines from the original July 25, 2014, Scheduling Order, are as follows:[1]

(i) Fact discovery shall conclude on June 25, 2015;

(ii) The Parties shall exchange expert reports, if any, on or before July 29, 2015;

(iii) The Parties shall exchange expert rebuttal reports, if any, on or before September 10, 2015; and

(iv) The Parties shall complete expert depositions on or before Wednesday, October 15, 2015.

## I.    Plaintiffs' Position

Plaintiffs respectfully request that the Court require Defendant to respond in full to Plaintiffs' Second Interrogatories by no later than 45 days before the close of discovery (*i.e.*, on or before May 11, 2015), and that Defendant make available a 30(b)(6) witness or witnesses to testify on all noticed Rule 30(b)(6) deposition topics within 15 days after Defendant serves those interrogatory responses.

### A.    The Contention Interrogatories

Plaintiffs' Second Interrogatories are "contention" interrogatories.  They seek Defendant's position, and the factual basis for such position, regarding a number of issues in

---

[1] The Order also includes a scheduling conference to establish a briefing schedule for any summary judgment motions, set for one week after the close of expert discovery.  Adding three months to that date would yield a conference date of Wednesday, October 22, 2015.  The parties, of course, defer to the Court's schedule.

these cases.  For instance, interrogatory 11 asks whether Defendant disputes the eligibility of any costs claimed by Plaintiffs as eligible costs under the Section 1603 program and, if so, why. Interrogatory 12 asks whether Defendant disputes that the sale of the so-called "Alta VI Facility" was at arms' length and, if so, on what factual ground.  And interrogatory 13 asks whether Defendant contends that any of the power purchase agreements for the Alta wind facilities (*i.e.*, their contracts to sell electric power to a utility) can be sold or assigned separately from the facility's tangible assets (and, if so, the basis for such contention).

This is legitimate discovery.  One of the purposes of contention interrogatories is to "narrow and sharpen the issues thereby confining discovery."  *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012).  Pursuant to RCFC 33(a)(2), "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . .".

Defendant has argued that it need not respond to contention interrogatories because this is a *de novo* proceeding.  However, the fact that these proceedings are *de novo* is irrelevant. Plaintiffs' interrogatories do not inquire about Treasury's positions in reviewing Plaintiffs' Section 1603 applications.  Rather, they inquire about Defendant's contentions *in this litigation*. That is what contention interrogatories are all about.

Defendant suggests that it does not have the burden of proof and thus is not subject to this kind of discovery.  But that is not and cannot be the law.  If it were, no defendant could ever be required to answer contention interrogatories, and, of course, a defendant is subject to such discovery.  In fact, as the Federal Circuit has explained, one of the most important purposes of contention interrogatories is to "allow the plaintiff to pin down the defendant's theories of defense, thus confining discovery and trial preparation to information that is pertinent to theories

3

of the case." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006); *see also Woods*, 692 F.3d at 1280 ("Contention interrogatories . . . serve an important purpose in helping to discover facts supporting the theories of the parties."); *Linde v. Arab Bank*, No. 04-2799, 2012 WL 957970, at *2 (E.D.N.Y. Mar. 21, 2012) ("[T]he court does not accept the proposition that contention interrogatories may only explore a party's 'contentions' concerning issues on which the party bears the burden of proof.").

Finally, in its interrogatory responses, Defendant objects that it is too early in the case for it to be required to answer contention interrogatories. Defendant has no valid basis for such objection, however, if it is required to respond to the contention interrogatories by May 11, 2015, as Plaintiffs request. By May 11, discovery will have been underway for over nine months and will be nearing its conclusion. Defendant will have had ample time to conduct discovery and develop its positions. Moreover, if Defendant provides responses by May 11, Plaintiffs also will have sufficient time before the June 25 discovery cutoff to propound any necessary follow-up discovery. Plaintiffs will have no such opportunity if Defendant responds later.[2]

For these reasons, Defendant should be required to respond in full to Plaintiffs' Second Interrogatories no later than May 11, 2015.

### B.    The Rule 30(b)(6) Notice

Plaintiffs have issued a deposition notice regarding four Rule 30(b)(6) topics. Defendant objects to topics 2-4, arguing that they inappropriately seek a designee to testify about the factual bases for Defendant's contentions.

---

[2] In the unlikely event that Defendant's positions change between May 11 and the close of discovery on June 25, the appropriate recourse is for Defendant simply to supplement its contention interrogatory responses. *See Woods*, 692 F.3d at 1280 ("Rule 26(e) requires that as theories mature and as the relevance of various items of evidence changes, responses to interrogatories, and particularly contention interrogatories, be corrected or supplemented to reflect those changes.").

The objection is unfounded.  Plaintiffs are entitled to depose Defendant about its contentions in the litigation and the bases therefor.  Defendant's contention interrogatory responses may obviate the need for a deposition on some contention issues, because they may demonstrate the absence of a dispute between the parties as to one or more of those issues.  But in the event there are outstanding disputes based on the Government's responses to Plaintiffs' contention interrogatories, Plaintiffs are entitled to Rule 30(b)(6) testimony to address them.

"[N]umerous courts have ruled that a Rule 30(b)(6) notice of deposition that seeks the factual bases for another party's claims or defenses is proper." *Smith v. General Mills, Inc.*, No. 04-705, 2006 WL 7276959, at *3 (S.D. Ohio Apr. 13, 2006).  While there is some contrary authority, "the better rule is to allow parties to craft rule 30(b)(6) inquires similar to contention interrogatories, because this rule will ultimately lead to fewer disputes about what subject matter is permitted in 30(b)(6) depositions and advances the policy underlying the rules favoring disclosure of information." *Radian Asset Assurance, Inc. v. College of the Christian Bros. of N.M.*, 273 F.R.D. 689, 691-92 (D.N.M. 2011).  The court in *Radian* emphasized that "[R]ule 30(b)(6)'s plain language does not limit" a deposition in the way Defendant here claims.  *Id*. at 692.[3]

Defendant's assertion that a Rule 30(b)(6) deposition would disclose attorney work product fails.  Plaintiffs seek Defendant's contentions in the litigation and the factual bases for

---

[3]     *Accord Mims-Johnson v. Bechtel Nat'l, Inc.*, No. 10-3119, 2012 WL 529896, at *4 (E.D. Wash. Feb. 16, 2012) (following *Radian*); *Security Ins. Co. of Hartsford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) (requiring party "to produce a witness capable of providing facts in support of the allegations within its answer" and holding that "[i]t is of no consequence that contention interrogatories may be the more appropriate route to obtain the information as nothing precludes a deposition either in lieu of or in conjunction with such interrogatories."); *Protective Nat'l Ins. Co. v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 282 (D. Neb. 1989) (there is "no doubt" that the "factual basis for the contentions contained in the counterclaim and answer and the factual basis for the damages claimed" are appropriate subjects for a Rule 30(b)(6) deposition).

them. Defendant could not validly object to such discovery on work product grounds in the context of contention interrogatories, and neither may it do so in the context of a Rule 30(b)(6) deposition. *See EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 434 (D. Nev. 2006) (work product doctrine does not "preclude[] Rule 30(b)(6) deposition questions concerning facts underlying a party's contentions and affirmative defenses"); *Smith*, 2006 WL 7276959, at *4 (there is no work product concern so long as questions put to Rule 30(b)(6) deponent do not ask for "counsel's view as to the significance or lack thereof of particular facts," or otherwise ask for counsel's mental impressions); *Security Ins. Co. of Hartsford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) ("As courts have held contention interrogatories seeking the factual bases for allegations would not encroach on protected information," as a matter of logic that information is also obtainable in a deposition).

Defendant's assertion that a Rule 30(b)(6) deposition concerning its contentions would be unduly burdensome is likewise misplaced. "A Rule 30(b)(6) deposition allows the requesting party to obtain more complete information and is, therefore[,] favored." *Murphy v. Kmart Corp.* 255 F.R.D. 497, 506 (D.S.D. 2009) (quotation omitted). Recognizing this, courts have rejected claims that a Rule 30(b)(6) deposition seeking the factual bases for a party's positions is unduly burdensome. *See, e.g., Radian*, 273 F.R.D. at 691-692; *Caesar's Entm't*, 237 F.R.D. at 435; *Smith*, 2006 WL 7276959, at *4. That is especially so here because the Rule 30(b)(6) Notice covers only a handful of discrete contention topics.

In sum, Plaintiffs respectfully submit that Defendant should be required to produce a Rule 30(b)(6) witness or witnesses to address topics 2-4 of Plaintiffs' Rule 30(b)(6) Notice within 15 days after Defendant serves its contention interrogatory responses. This will allow Plaintiffs to review the contention interrogatory responses and determine to what extent follow-

up testimony is required, while also leaving Plaintiffs sufficient time before the June 25 discovery cutoff to propound any appropriate further discovery based on the results of the Rule 30(b)(6) deposition.

## II.   Defendant's Position

Neither plaintiffs' contention interrogatories nor their noticed Rule 30(b)(6) deposition on topics 2 through 4 are permissible in this *de novo* case, where the defendant does not have possession of any relevant facts that might be subject to discovery.   In the interest of compromise, and without waiving such objections, the United States proposes to answer plaintiffs' contention interrogatories 45 days prior to the close of discovery, as plaintiffs request.[4]

Plaintiffs should not be permitted, however, to take a Rule 30(b)(6) deposition of the United States on topics 2 through 4, which impermissibly seek the impressions and opinions of its attorneys on facts that it does not possess.  Plaintiffs' proposed topics are impermissible for two main reasons: (1) because the deposition topics, which explicitly seek information on the Defendant's litigation position, impermissibly seek attorney work product that is shielded from discovery; and (2) because the burden of the proposed deposition topics exceeds its very minimal benefit to Plaintiffs in this *de novo* proceeding.  If plaintiffs persist in pursuing a Rule 30(b)(6)

---

[4] Despite the serious problems with plaintiffs' discovery, some of the major problems with plaintiffs' topics can be mitigated in written form.  Defendant can avoid revealing its attorneys' work-product, and the inherent problems with attempting to convey contentions through live testimony would be avoided.  To the extent that the United States can provide further non-privileged information in response to topics 2 through 4, it would be less burdensome for the United States to respond in written format, rather than by attempting to prepare a Rule 30(b)(6) witness.

deposition on topics 2 through 4, defendant intends to file a motion seeking a protective order barring such topics from the noticed deposition.[5]

### A.   Defendant Does Not Possess Material Facts in this *De Novo* Proceeding

The fundamental problem with plaintiffs' proposed topics and contention interrogatories is that this is a *de novo* proceeding in which defendant does not possess the material facts. *See W.E. Partners II, LLC v. United States*, Fed. Cl. No. 13-54, 2015 WL 138236, at * 4 (Jan 12, 2015). The actions of the Department of the Treasury on plaintiffs' applications are irrelevant. The salient facts concern the development and sale/sale-leaseback of the Alta Wind projects. Since the United States did not participate in those projects, information about those transactions exists largely, if not totally, in documents and evidence that plaintiffs already possess, either in their own files or in those of interested parties like Terra-Gen Power. To the extent that the facts will be developed from documents and testimony from third-parties, plaintiffs have as much ability to secure them as does defendant. Simply put, defendant does not have access to any facts to that plaintiffs cannot obtain more directly elsewhere.

If defendant were to make any factual contentions in this case,[6] they would be based on facts secured from plaintiffs or non-parties. Although the United States denies that the plaintiffs' asserted cost bases are correct, the United States is not required to put forth affirmative claims in this litigation. To the extent that the United States will take a position on the eligible basis of

---

[5] Without waiving its objections to relevance, defendant has agreed that a 30(b)(6) deposition on plaintiffs' proposed topic number 1, which seeks information about how Treasury and NREL process and review 1603 applications, may go forward. Because that topic seeks facts originating with defendant, it does not have the fatal problems of the other proposed topics.

[6] And it is not required to make any, since plaintiffs bear the burden of proof.

each Alta facility, it will likely do so in the context of expert testimony.[7]   Because defendant does not have discoverable facts of its own, plaintiffs' proposed discovery improperly seeks to explore the work product of defendant's counsel.

For the reasons elaborated below, plaintiffs seek information that is not discoverable in this *de novo* proceeding.   In the interest of moving the case forward, defendant will agree to answer the contention interrogatories, without waiving these objections, but plaintiffs should not be permitted to take a 30(b)(6) deposition on the proposed topics 2-4.

### B.        Plaintiffs' 30(b)(6) Topics 2-4 Seek Protected Attorney Work Product

Topics 2 through 4 explicitly seek to have a witness testify about the United States' litigating position and thus impermissibly seek attorney work product.   Rules 26(b)(3) and (5) prohibit this type of discovery because it seeks the production of trial preparation material that constitutes the mental impressions, conclusions, opinions, or legal theories of defendant's attorneys and other representatives of defendant.   The Rules make clear that the Court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning litigation."   RCFC 26(b)(3)(B).   The information requested is clearly protected by the attorney work-product privilege.

As discussed above, in this *de novo* proceeding, defendant does not possess any material facts.   Thus, unlike a normal 30(b)(6) deposition, in which a party is seeking to uncover the facts in the counterparty's possession that support the counterparty's contentions, there simply are no salient facts possessed by the United States for plaintiffs to uncover.

Plaintiffs' topics seek to ascertain how the United States intends to marshal the facts, documents, and testimony that are developed during discovery in this litigation, as well as any

---

[7] Because defendant's expert has not yet completed an expert report, any discovery on this score is premature.

inferences that may be drawn from that information.  To prepare a Rule 30(b)(6) witness on these topics, the attorneys for the United States would need to educate a witness based on information and documents that in large part come from *plaintiffs' own files,* as well as from third-parties (to which plaintiffs also have access).[8]

The *only* information plaintiffs could possibly acquire from such a deposition that they do not already possess is the current thinking of defendant's trial attorneys about the evidence produced in discovery.  In other words, they seek the "mental impressions, conclusions, opinions, or legal theories of an attorney, or other representative of a party concerning litigation."  RCFC 26(b)(3)(B).  This is, by definition, what the attorney work-product doctrine is designed to protect.  And the Court's Rules prohibit discovery into such matters.  *See* RCFC 26(b)(3)(B).

This type of "contention deposition" has been held to be impermissible.  For example, in *SEC v. Morelli*, 143 F.R.D. 42 (1992), the Southern District of New York held that the defendant's proposed Rule 30(b)(6) deposition of the SEC was an attempt to inquire into the mental processes of the SEC's attorneys and thus violated the work product privilege. *Id.* at 47.  In *Morelli¸* the SEC sued the defendants for injunctive relief and penalties, alleging that the defendants had engaged in violations of certain provisions of the Exchange Act by their participation in certain transactions involving Kraft, Inc., immediately before a tender offer by Phillip Morris Companies, Inc., for Kraft.  *Id.* at 43.  Morelli argued that he had noticed a deposition of the SEC under Rule 30(b)(6) because he was unable to locate evidence or information indicating that he was privy to insider information after conducting formal and

---

[8] Because many of the facts known to the United States at this juncture were discovered in this action, no employees of Treasury or NREL would have any independent knowledge of them.

informal discovery of the SEC. *Id.* at 44.  The court noted that, as codified in Fed.R.Civ.P. 26(b)(3), attorney work product is only discoverable if the party seeking the disclosure demonstrates "substantial need of the materials ... and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Id.* at 47.  Even when work product is discoverable, the court must still protect against the disclosure of the "mental impressions, conclusions, opinions, or legal theories of an attorney, or other representative of a party concerning litigation." *Id.*  The *Morelli* court found that the proposed 30(b)(6) deposition was an attempt to ascertain how the SEC intended to marshal the facts, documents and testimony in its possession, as well as any inferences drawn from that information, and thus found that it would violate the attorney work product privilege. *Id.*

Plaintiffs here seek the same protected information.  Contention depositions may be permissible when the party has a genuine need to discover facts that it otherwise does not have access to, but here plaintiffs already have access to the facts.  They cannot depose defendant about the impressions, inferences, and strategies of its attorneys.[9]  *See BB&T Corp. v. United States*, 233 F.R.D. 447, 448 (M.D.N.C. 2006) (granting the United States' motion to quash a Rule 30 Notice of Deposition of the United States); *see also e.g., Flamingo Fishing Corp. v. United States*, 31 Fed. Cl. 655 (1994) and *Evergreen Trading, LLC v. United States*, 75 Fed. Cl. 730 (2007).

While plaintiffs cite cases that indicate the work product doctrine does not prohibit questioning about facts underlying a party's contentions, these are beside the point.  The reason plaintiffs' request is improper is because defendant does not have any facts that have not been

---

[9] To the extent plaintiffs seek deposition testimony on valuation approaches, such testimony not only infringes on attorney work-product but additionally calls for the disclosure of expert work-product before the disclosure of expert reports is required.

uncovered in discovery from plaintiffs and third parties in this litigation. Plaintiffs have participated in all such discovery. Thus, the only information defendant could provide that plaintiffs do not already know is which facts among those secured in discovery *defendant's attorneys* deem to be important to its case. That is exactly the kind of mental impressions of attorneys that the work-product doctrine is designed to protect.

### C.    The Burden of the Proposed Deposition Exceeds Any Benefit to the Plaintiffs

Proposed topics 2-4 of plaintiffs' Rule 30(b)(6) deposition of the United States also impose a severe burden on defendant that vastly outweighs any possible utility of such a deposition.

#### 1.    The Proposed Rule 30(b)(6) Deposition Would Not Provide Any Measurable Benefit

As previously discussed, plaintiffs, not defendant, bear the burden of proof in this *de novo* proceeding. *See W.E. Partners II*, Fed. Cl. No. 13-54. The United States did not develop, purchase, or participate in sale-leaseback transactions related to the Alta projects. Plaintiffs' own records, and the records of certain third parties, are the best source for discoverable information in this case. Defendant has no independent discoverable information.

To the extent the plaintiffs seek information about what occurred at the administrative level, Treasury and NREL's work at the administrative level is irrelevant in this *de novo* proceeding and will not assist plaintiffs in proving the eligible cost basis of their projects. Without waiving its relevance objections on this score, defendant has agreed that plaintiffs may take the depositions of certain employees or former employees of the United States. While Rule 30(b)(6) discovery may assist a party in determining who in an organization may possess discoverable information, here, defendant has identified the persons who were involved in the review of the Section 1603 applications at Treasury and NREL, and defendant has produced

12

several thousand pages of corresponding documents. *See Cates v. LTV Aerospace Corp.*, 480 F.2d 620, 623 (5th Cir. 1973); *see also SEC v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992) (noting that one purpose of the Rule 30(b)(6) deposition is to assist "organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge") (quoting Advisory Committee Notes to Rule 30(b)(6)).

Plaintiffs have noticed the depositions of five employees/contractors or former employees/contractors of the United States: George Hoffman, Edward Settle, Judson Jaffe, Ellen Neubauer, and Victoria McDowell. Thus, plaintiffs do not need the assistance of a Rule 30(b)(6) deposition to determine whom to depose.

Finally, to the extent that plaintiffs seek testimony on various approaches to fair market value and/or comparable wind projects, such testimony calls for the disclosure of expert work product, before that work has even been done or the discovery on which it will be based has been completed. A Rule 30(b)(6) deposition is an unnecessary (and premature) avenue for seeking disclosure as to these topics. The Rules already provide plaintiffs with an opportunity to review, rebut, and test through deposition defendant's expert witness(es) in this case. Thus, the proposed deposition topics 2-4 have no utility for plaintiffs.

2.     The Rule 30(b)(6) Deposition Topics Are Overly Burdensome

Plaintiffs' proposed Rule 30(b)(6) deposition topics impose a great burden on the United States. To prepare for such a deposition, would require defendant to educate a witness with information known only by defendant's attorneys about its litigation strategy in this case. Besides putting the United States in the impermissible position of sharing its attorneys' work-product, preparing a witness for a "contention deposition" would be time-consuming, unwieldy, and difficult to effect. As courts have recognized, "aside from any issues of privilege, [a

contention deposition] would be highly inefficient and burdensome, rather than the most direct manner of securing relevant information." *United States v. District Council of New York*, 1992 WL 208284, * 15 (S.D.N.Y. 1992). Indeed, "no one human being can be expected to set forth, especially orally in deposition, a fully reliable and sufficiently complete account of all the bases for the contentions made and positions taken by a party" in circumstances involving complex facts and numerous legal issues. *McCormick – Morgan, Inc. v. Teledyne Indus. Inc.*, 134 F.R.D. 275, 286 (N.D. Cal.) *rev'd on other grounds,* 765 F.Supp. 611 (N.D. Cal. 1991.) Proponents of discovery may not wield the discovery process as a club by propounding requests compelling the recipient to assume such an excessive burden. *Smithkline Beecham Corp. v. Apotex Corp.*, 2000 WL 116082 (N.D. Ill. 2000) (in the context of the Federal Rules of Civil Procedure) (internal citations omitted). Consequently, the recipient of a Rule 30(b)(6) request is not required to have its counsel muster all of its factual evidence to prepare a witness to testify regarding a defense or claim. *See In re Independent Svc. Org. Antitrust Litig.*, 168 F.R.D. 651, 654 (D. Kansas, 1996). And this reasoning holds especially true when the information sought is likely discoverable from other sources. *Id.* (citing *E.E.O.C. v. HBE Corp.*, 157 F.R.D. 465, 466-67 (E.D. Mo. 1994.))

Here, the information requested in topics 2 through 4, is either privileged (as attorney work-product) or is discoverable from other sources (because defendant has no relevant facts). Plaintiffs have much of that information in their own records, and they can obtain the remainder through the documents produced (and to be produced) by the parties and third parties in discovery and the depositions to be taken by both parties. When the burden of preparing a Rule 30(b)(6) witness for the United States greatly outweighs the minimal utility to Plaintiffs, the deposition should not be permitted on these topics.

Respectfully submitted,

/s/ Steven J. Rosenbaum
Steven J. Rosenbaum
*Counsel of Record*
srosenbaum@cov.com
Dennis B. Auerbach
(dauerbach@cov.com)
Thomas R. Brugato
(tbrugato@cov.com)
Isaac Belfer
(ibelfer@cov.com)

Covington & Burling LLP
One City Center
850 10th Street, NW
Washington, D.C. 20001
(202) 662-5568
(202) 778-5568 fax

*Counsel for Plaintiffs*

*Michael J. Ronickher*
MICHAEL J. RONICKHER
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Tel:  (202) 616-9085
Fax: (202) 514-9440
Michael.J.Ronickher@usdoj.gov

15

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
DAVID I. PINCUS
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Assistant Chief, Court of Federal Claims
 Section
MIRANDA BUREAU
Trial Attorney, Court of Federal Claims
 Section
MARGARET E. SHEER
Trial Attorney, Court of Federal Claims
 Section

s/ G. Robson Stewart
Of Counsel

*Counsel for the United States*

April 8, 2015

16